560 A.2d 1388

In re The UPSET SALE OF PROPERTIES AGAINST WHICH DELINQUENT 1981 TAXES WERE RETURNED TO the TAX CLAIM UNIT ON OR ABOUT the FIRST MONDAY OF MAY, 1982 (SKIBO PROPERTY).

Appeal of TAX CLAIM UNIT OF NORTHAMPTON COUNTY, Pennsylvania.

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1989.

Decided June 30, 1989.

John J. Bartos, Bethlehem, for appellant.

Erv D. McLain, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The appellants are the Tax Claim Unit of Northampton County. They were charged with negligence in failing to notice a resident of her redemption rights following a tax sale of her property. The property was put to sale for delinquent taxes and sold to the appellees. Subsequently, because of the negligent failure of the appellants to give notice, the sale was voided. The appellees brought suit against the taxing authority claiming damage for loss of interest on the amounts they borrowed to buy the property at the sale. The common pleas court accepted their argument that they were entitled to both interest on the funds in

the possession of the tax authority and $907.00 for the interest they paid on the money they borrowed. The trial court gave both the interest earned and the interest lost. In view of our holding, little more need be said.

The tax claim unit has raised their governmental immunity for the first time on appeal. They claim they are not only immune but that their immunity is not waivable, even if they negligently failed to do so before. Perhaps here is one reason their immunity cannot be waived; a governmental agency cannot be put at the mercy of negligent or agreed waiver by counsel of a substantive right designed to protect its very existence. Such negligence can spread, pebble in a pond, until the governmental agency would be engulfed in a tidal wave of liability. This Court in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) obviated sovereign immunity as a common law defense and the legislature promptly restored it. The legislature, in restoring it, granted some exceptions where the negligence is as common as it is injurious to its victims. That they relented at all, however, is of grace and not of right. The exceptions granted by the legislature are not implicated by negligence in a tax sale as distinguished from the use of real estate owned by a governmental agency. *Mascaro v. Youth Study Center*, 514 Pa. 351, 362, 523 A.2d 1118 (1987). Defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable, *LeFlar v. Gulf Creek Industrial Park*, 511 Pa. 574, 515 A.2d 875 (1986), nor is it subject to any procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature. *Wilson v. Philadelphia Housing Authority*, 517 Pa. 318, 536 A.2d 337 (1988). In the instant case the trial court gave what interest was gained on the money the tax agency held during the pendency of this action at the legal rate of interest. The appellees, however imposed upon by the clear negligence of the tax claim unit, are not entitled to more under the clear intent of the legislature.

The order of the Commonwealth Court, 111 Pa.Cmwlth. 33, 533 A.2d 487, is hereby reversed.

PAPADAKOS, J., concurs in the result.

LARSEN, J., dissents.