574 A.2d 1175

**Kathleen WILLIAMS, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided May 2, 1990.

56

George J. O'Neill, Philadelphia, for appellant.

Delores Lanier, with her, Joan A. Zubras, Philadelphia, for appellee, Southeastern Pennsylvania Transp. Authority.

Alan C. Ostrow, Asst. City Sol., with him, Miriam B. Brenaman, Divisional Deputy in Charge of Appeals, Norma S. Weaver, Chief Deputy in Charge of Claims, and Seymour Kurland, City Sol., for appellee, City of Philadelphia.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Kathleen Williams (Williams) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying Williams' motion for post-trial relief, from a verdict molded by the trial judge on the basis of the jury's answers to interrogatories. We affirm.

Williams filed this negligence action seeking damages for personal injuries she suffered when she was thrown off her feet following the collision of a trolley in which she was a passenger with an unmarked police car. The trolley was operated by the Southeastern Pennsylvania Transportation Authority (SEPTA) and the police officer was employed by the City of Philadelphia (City).

During the trial, there was conflict in the testimony as to the manner in which the accident occurred. Trial judge instructed the jury that it could not award damages for pain and suffering against the City unless it found that Williams had sustained a permanent loss of a bodily function, and submitted a series of interrogatories to the jury. Williams made no objection to the instructions nor to the interrogatories.

The interrogatories and the jury's responses are as follows:

*Question 1*

Do you find that the defendant, Septa driver, was negligent in the operation of his vehicle?

Jury Response: Yes

If the answer to Question No. 1 is yes, do you find that the defendant Septa driver's negligence was a substantial factor in the plaintiff's accident and her injuries resulting from that accident?

Jury Response: No

*Question 2*

Do you find that Police Officer Kober was negligent in the operation of his vehicle?

Jury Response: Yes

If the answer to Question No. 2 is yes, do you find that Officer Kober's negligence was a substantial factor in plaintiff's accident and her injuries resulting from that accident?

Jury Response: Yes

*Question 3*

As between the two defendants, indicate the percentage of causal negligence you have found on the part of the defendants, making certain that the total of both equals 100%

SEPTA's Negligence 25%

City's Negligence 75%

TOTAL        100%

*Question 4*

Do you find that plaintiff, Kathleen Williams, sustained a permanent injury?

Jury Response: No

*Question 5*

Set forth the amount of damages that you have found appropriate to compensate plaintiff, Kathleen Williams, for her injuries.

<u>$20,000.00</u>

Pain & suffering $18,000.00 [1]

Williams filed a motion for post-trial relief [2] requesting judgment in her favor against SEPTA or in the alternative a new trial. Williams alleges that the motion is "based upon the jury's finding that the operator of the S.E.P.T.A. vehicle was negligent, but that his negligence was not a substantial factor in the plaintiff's accident and her injuries resulting from that accident, whereas reasonable men could not differ that if the S.E.P.T.A. motorman was negligent at all in his operation of the trolley car, his negligence had to be a substantial factor in causing the accident and plaintiff's injuries as a matter of law." In the alternative, Williams requested a default judgment against SEPTA for failure to produce its investigative file. Williams also sought judgment in her favor against the City based upon the City's waiver of immunity by section 21–701 of the Philadelphia Code.[3] The trial court denied the motion and entered judgment upon the verdict in favor of Williams and against the City in the amount of $2,000.00 and in favor of SEPTA and against Williams.

Williams raises three issues on appeal: (1) whether the trial court erred in refusing to enter judgment n.o.v. or grant a new trial against SEPTA in light of the inconsistent answers to interrogatories; (2) whether the trial court erred in refusing to enter judgment by default in favor of Williams and against SEPTA for failure to disclose its list of witnesses in response to Williams' discovery request;

1. The amount listed for pain and suffering is part of the total jury award of $20,000.00.

2. Williams alleges in the motion for post-trial relief that points for binding instructions were submitted to the trial judge on the issues of negligence and immunity, but that the trial judge refused said points for binding instructions. A review of the record does not support this contention.

3. Section 21–701 of the Philadelphia Code which provides in pertinant part:

The City shall not plead governmental immunity as a defense by any action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

and (3) whether the trial court erred in reducing the verdict against the City to $2,000.00 as a result of the limitation of damages in suits against municipalities set forth at 42 Pa. C.S. § 8553 (damages for pain and suffering are recoverable only in instances of death or permanent loss of a bodily function).

■ Our scope of review of a decision of a trial court denying motions for judgment n.o.v. or for new trial is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Sacco v. City of Scranton*, 115 Pa.Commonwealth Ct. 512, 540 A.2d 1370 (1988).

■ Williams argues that the jury's responses are contrary to the charge given by the trial judge. Furthermore, Williams argues that the jury's finding that SEPTA's negligence was not a substantial factor in causing Williams' injuries was unnecessary surplusage and inconsistent with the finding of causal negligence of 25%. The essence of Williams' argument is a challenge to the jury charge and the interrogatories submitted to the jury. However, the responses are consistent with the law of the Commonwealth as set forth by the trial judge. The relevant language of the charge is as follows:

In order for you to find in favor of the plaintiff, you must find that the plaintiff presented evidence of what actually happened sufficiently for you to conclude that the defendants are liable, and that their negligence was the proximate cause of her injuries, and as a result of these, this was the legal cause of the plaintiff's injuries.

Now, what do we mean by "legal cause"?

In order for a plaintiff to recover, the defendant's liability-creating conduct must have a substantial factor in bringing about the alleged harm or wrong. This is what the law calls legal cause.

A substantial factor is an actual, real factor, although the results may be unusual or unexpected. But it is not an imagined or fanciful factor having no connection or

only an insignificant connection with the complained-of acts.

The word "substantial" is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable persons to regard it as a cause using the word cause in the popular sense in which there is also present the idea of responsibility.

The plaintiff need not exclude every possible explanation as to the cause of harm complained of.

It's sufficient, if you find from the preponderance of the evidence, that the defendant's conduct was a substantial cause of plaintiff's harm.

Where the liability-creating conduct of a defendant combines with other circumstances and other forces to cause a harm suffered by a person, a defendant is responsible for the harm, nevertheless, if his or her conduct was a substantial contributing factor in bringing about the harm, even if the harm would have occurred without it.

Stated another way: It's well established under our law, in order to find a defendant proximately or legally caused an injury, it must be found that the alleged conduct was a substantial factor in bringing about the plaintiff's injury, even though it need not be the only factor.

It's equally well established that a defendant's conduct is not a substantial factor in bringing about a person's injury, if it would have suffered even if the actor had not been guilty of the liability-creating conduct.

However, the fact that some other cause concurs with the conduct of the defendant in producing the injury doesn't relieve the defendant of liability, unless the defendant can show that such other cause has produced an injury independently of the complained conduct.

N.T. at 25–27 (Day 5). Williams neither objected to the jury charge nor the wording of the interrogatories prior to the case going to the jury. Failure to object at the trial level, prior to the jury retiring, waives the issue. *Common-*

*wealth v. Herold,* 17 Pa.Commonwealth Ct. 148, 330 A.2d 890 (1975).

Furthermore, we conclude that the jury's responses are not contrary to the charge which they received. In light of the conflicting testimony, the trial court did not abuse its discretion in denying judgment n.o.v. and/or a new trial on this issue.

Williams' second contention of error is that the trial court erred in refusing to grant a default judgment against SEPTA for failure to disclose a list of witnesses in response to a discovery request. Williams alleges that she did not become aware of SEPTA's list of potential witnesses until the motorman testified at trial. Williams argues that the trial judge did not allow her sufficient time to conduct an investigation and interview these witnesses, and that sanctions should have been imposed, i.e. a default judgment against SEPTA. We disagree.

Sanctions for noncompliance with discovery requests are generally not imposed until there has been a refusal to comply with a court order compelling compliance. *Werner v. Department of Public Welfare,* 109 Pa.Commonwealth Ct. 134, 530 A.2d 1004 (1987). In the instant case there was no motion to compel discovery during the year between when the discovery requests were filed and the trial, despite Williams' knowledge that there were other passengers on the trolley at the time of the accident. We see no error in the trial court's denial of sanctions.

Finally, Williams argues that the trial court erred in reducing the verdict against the City as a result of the limitation of damages in suits against municipalities set forth in 42 Pa.C.S. § 8553. As stated above, by failing to object to the charge to the jury that damages could not be awarded for pain and suffering against the City unless there was a permanent injury, Williams has waived this argument.

Accordingly, we affirm the trial court's denial of post-trial relief.

## ORDER

AND NOW, May 2, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.