576 A.2d 411

CITY OF PHILADELPHIA, Appellant,

v.

Joan GRAY, Appellee.

Joan GRAY, Appellant,

v.

CITY OF PHILADELPHIA POLICE
DEPARTMENT, Appellee.

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided June 5, 1990.

Petition for Allowance of Appeal
Granted Jan. 15, 1991.

Miriam B. Brenaman, Divisional Deputy For Appeals, Philadelphia, with her, Norma S. Weaver, Chief Deputy in Charge of Claims, and Charisse Lillie, City Sol., for appellant/appellee, City of Philadelphia and City of Philadelphia Police Dept.

Edward T. Rostick, with him, Lawrence R. Scheets, Williams and Scheetz, P.C., Richboro, for appellee/appellant, Joan Gray.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Joan Gray (Mrs. Gray) and City of Philadelphia Police Department (City) each appeal from a post-trial order of the Court of Common Pleas of Philadelphia County (trial court) which granted City a new trial. We reverse.

Mrs. Gray was injured in a car accident when her vehicle collided with patrol car driven by a City police officer (officer) responding to an emergency call. Mrs. Gray alleged that officer negligently drove through a red light. A first trial ended in a mistrial. Following a second trial, a

jury returned a verdict of $250,000 in favor of Mrs. Gray finding that City was 60% liable for Mrs. Gray's injuries. The trial court molded the verdict to $150,000 in favor of Mrs. Gray. Mrs. Gray filed a motion for delay damages which was granted.

City filed post-trial motions alleging numerous trial court errors. On July 28, 1989, trial court held that its failure to instruct the jury that City was liable for pain and suffering damages only if the jury found that Mrs. Gray was permanently injured warranted a new trial on the issue of liability only. Trial court denied City's remaining post-trial motions. City filed a petition for reconsideration alleging that the issue of the new trial should be the amount of damages and alleging error in failing to grant City's request for other post-trial relief. Trial court denied reconsideration.[1] City and Mrs. Gray appealed from the July 28, 1989 order to this court. These appeals were consolidated for argument.

1702 C.D. 1989

On appeal to this court, Mrs. Gray raises the following issues: 1) whether trial court erred in granting a new trial for the single reason that it failed to instruct the jury not to award damages for pain and suffering unless the jury found that Mrs. Gray sustained a permanent injury pursuant to the limitation of damages provisions of governmental immunity under 42 Pa.C.S. § 8553; 2) whether the issue of permanent loss of bodily function is to be decided by the trial court; and 3) even if permanency of the injury was Mrs. Gray's to prove, whether she did in fact meet that burden.

██ The standard for review of a trial court's grant of a motion for a new trial generally is whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case.

---

1. On August 24, 1989, City's request for reconsideration of the July 28, 1989, order was denied but the trial court re-molded the original judgment to subtract insurance money already paid to Mrs. Gray. Mrs. Gray appealed this order alleging that the trial court should not have re-molded the verdict. This court quashed Mrs. Gray's appeal of the denial of reconsideration.

*Westinghouse Elevator Co. v. Herron,* 514 Pa. 252, 523 A.2d 723 (1987).

> When it clearly appears from the opinion of the court below on the new trial motion, "that except for the reason relied upon by the court for granting a new trial, judgment would have been entered on the verdict, the action of the lower court becomes reviewable, not for an abuse of discretion, but for the legal merit of the sole and exclusive reason assigned for the granting of a new trial". . . .

*Id.,* 514 Pa. at 256, 523 A.2d at 725 (quoting *Penneys v. Segal,* 410 Pa. 308, 311, 189 A.2d 185, 187 (1963)).

▮ In its opinion trial court states, as its only reason for granting a new trial, its failure to include the following jury instruction.

> Members of the jury you must first find that the plaintiff has suffered the permanent loss of a bodily function before you can award her pain and suffering.   42 Pa.C. S.A. section 8553(c)(2)(ii).[2]

*Joan Gray v. City of Philadelphia,* (No. 3806, filed July 28, 1989).

Mrs. Gray argues that ordering a new trial to insert this jury instruction is in error because City waived governmental immunity when it enacted Chapter 21–700 of the Philadelphia Code (Code) which states in pertinent part as follows:

2.  42 Pa.C.S. § 8553 states in pertinent part as follows:
     (a) General rule.—Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.
          . . . .
     (c) Types of losses recognized.—Damages shall be recoverable only for:
          . . . .
       (2) Pain and suffering in the following instances:
          . . . .
     (ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

## WAIVER OF GOVERNMENTAL IMMUNITY

§ 21–701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligent or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

In *City of Philadelphia v. Middleton,* 89 Pa.Commonwealth Ct. 362, 492 A.2d 763 (1985), a trial court denied the City's post-trial motions requesting judgment n.o.v. or a new trial following a jury award of compensatory and punitive damages against City police officers. City asserted that it could not be held liable for any damages resulting from conduct not enumerated in the eight exceptions to governmental immunity. We held that City acted within its home rule charter powers in enacting the Code and effectively waived its immunity under the governmental immunity provisions of 42 Pa.C.S. §§ 8541–8564 (governmental immunity act).

In the case at hand, City asserts that *In Re: Upset Sale of Properties,* 522 Pa. 230, 560 A.2d 1388 (1989) controls. In *In Re: Upset Sale,* a property buyer was awarded damages based upon a tax claim units' failure to give proper notice to a tax delinquent. The tax claim unit raised its governmental immunity for the first time on appeal. This court held that failure to raise immunity to the trial court resulted in a waiver. The supreme court held that the defense of governmental immunity is an absolute defense and is not waivable through a procedural device that could render a governmental agency liable beyond the exceptions granted by the legislature.

*In Re: Upset Sale* is factually distinguishable in that it deals with the procedural failure of a governmental agency to raise the defense of governmental immunity. In the case at hand, the City Council of the City of Philadelphia acting pursuant to its powers under its home rule charter waived the defense of governmental immunity. We hold that *Middleton* is controlling.

The sole source of the requested jury instruction is the the limitation of damages provisions of the governmental immunity act. We hold that under *Middleton*, the City, in enacting the provision of Code section 21–701, waived governmental immunity and all those limitations upon plaintiffs seeking damages from the City. Therefore, the trial court's sole reason for granting a new trial is based upon an error of law. Accordingly, we reverse the grant of a new trial.[3]

### 1652 C.D. 1989

On appeal to this court,[4] City raises the following issues: 1) whether trial court erred in refusing to order Mr. Gray to testify as a rebuttal witness; 2) whether trial court erred in instructing the jury that an adverse inference could not be drawn from Mr. Gray's failure to testify; 3) whether trial court erred in precluding City's expert witness' report; 4) whether trial court erred in refusing to mold the verdict to eliminate damages not enumerated in the governmental immunity act; 5) whether trial court erred in granting delay damages.

■ As to the first issue, the following facts are relevant. At trial, Mrs. Gray testified that Mr. Gray, Mrs. Gray's second husband, was in the car at the time of the accident. City asserted that it was Gerald Hansen, Mrs. Gray's first husband, in the car at the time of the accident and that Mrs. Gray was lying. City sought to rebut Mrs. Gray's testimony with the testimony of Mr. Gray. During an in camera offer of proof, Mr. Gray testified that he was in fact in the car during the accident. Trial court stated that there was nothing to rebut as both Mr. and Mrs. Gray were in agreement and ruled this line of testimony inadmissible. City asserts that trial court erred in precluding Mr. Gray's testimony because City could have demonstrated

**3.** Because of this holding, we need not address the remaining issues raised by Mrs. Gray.

**4.** City appealed the grant of a new trial because trial court limited the issue to liability only. Because we reversed trial court's grant of a new trial on the governmental immunity issue, we will address City's request for a full new trial based on other trial court errors.

that both Mr. and Mrs. Gray were lying with the testimony of police officer Whitt.

■ Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be disturbed absent a clear indication that discretion has been abused. *Juniata Foods, Inc. v. Mifflin County Development Authority,* 87 Pa.Commonwealth Ct. 127, 486 A.2d 1035 (1985).

Officer Whitt testified that Mr. Gray was not a passenger in the Mrs. Gray's car at the time of the accident. This contradicted Mrs. Gray's testimony. City accomplished all it could from this testimony. The fact that Officer Whitt would also have contradicted Mr. Gray's testimony is not relevant. We hold that trial court did not abuse its discretion in precluding the testimony of Mr. Gray on such a collateral matter.

■ As to the second issue, City, in its closing argument, told the jury that an adverse inference could be drawn from the fact that Mrs. Gray did not call Mr. Gray as a witness. Trial court instructed the jury that no adverse inference could be drawn from a party's failure to call a witness available to both sides. City argues that this instruction was in error because Mr. Gray was not available to City since trial court precluded his rebuttal testimony.

■ A fact-finder may draw an inference from a party's failure to call a particular witness that the testimony given would have been unfavorable to that party. *Murphy v. Department of Public Welfare,* 85 Pa.Commonwealth Ct. 23, 480 A.2d 382 (1984). This proposition requires that the witness be available, possess special knowledge or information relevant to the case, the testimony would not merely be cumulative, and whose relationship to the party is such that the testimony would ordinarily be expected to favor the party. *Id.*

As stated above, Mr. Gray's proposed rebuttal testimony was irrelevant. However, it is clear that Mr. Gray was available to City to be called for any other relevant purpose.

Therefore, we hold that trial court did not err in giving this jury instruction.

As to the third issue, City argues that trial court erred in precluding a report prepared shortly before trial by a City expert regarding Mrs. Gray's prior injury. However, a review of the record reveals that the trial court's ruling on this issue occurred in the first trial which ended in a mistrial. At the second trial, City never attempted to introduce the report or the witness who prepared it. Consequently, we conclude that this issue was waived. Pa.R.A.P. 302.

As to the fourth issue, City argues that trial court erred in failing to mold the verdict to deduct approximately $60,-000 of damages Mrs. Gray paid for household assistance. City argues that these damages are not among those enumerated in the governmental immunity act.

As we stated above, the City waived its immunity and the limitation of damages provisions of the governmental immunity act by enacting the Code Chapter 21–701. Therefore, trial court did not err in failing to eliminate these damages from the verdict.

Finally, City argues that trial court erred in awarding delay damages for the following reasons: 1) Pa.R.C.P. No. 238 is unconstitutional; 2) delay damages are barred by governmental immunity; and 3) a properly molded verdict renders delay damages inapplicable.

Pa.R.C.P. No. 238 states in pertinent part as follows: (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant ... found to be liable to plaintiff in the verdict of a jury....

. . . .

(b) The period of time for which damages for delay shall be calculated ... shall exclude any period of time, if any,

(1) after which the defendant has made a written offer of
  (i) settlement in a specific sum with prompt cash payment to the plaintiff, . . . .
and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of . . . the specified sum . . . . or

(2) during which the plaintiff caused delay of the trial.

■ A review of the record reveals that City never asserted to the trial court that Pa.R.C.P. No. 238 was unconstitutional. Therefore, City has waived this issue. Pa.R. A.P. 302.

Further, City argues that governmental immunity bars delay damages. However, as we have stated above, City waived governmental immunity when it enacted Code Chapter 21–701.

Finally, City argues that, when the jury verdict is properly molded, it is less than the City's settlement offer and therefore the Pa.R.C.P. No. 238 does not apply. In this opinion, we denied City's request to reduce the jury verdict according to the governmental immunity act. Without this reduction, this argument has no merit.

Having disposed of City's allegations of trial court error, we reverse the grant of the new trial.

### ORDER

AND NOW June 5, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter granting a new trial is reversed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.