633 A.2d 1090

CITY OF PHILADELPHIA, POLICE
DEPARTMENT, Appellant,

v.

Joan GRAY, Appellee.

Kathleen WILLIAMS, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY, and City of Philadelphia, Appellees.

Supreme Court of Pennsylvania.

Argued April 6, 1992.

Decided Nov. 3, 1993.

468

Alan C. Ostrow, Deputy City Sol., for appellant City of Philadelphia Police Dept.

George J. O'Neill, Philadelphia, for appellant Kathleen Williams.

Edward T. Rostick, Lawrence R. Scheetz, Richboro, for appellee Joan Gray.

Rosalind T. Kaplan, Philadelphia, for amicus—Pennsylvania Trial Lawyers Ass'n.

Joan A. Zubras, Philadelphia, for S.E.P.T.A.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## *OPINION*

ZAPPALA, Justice.

■ The controlling question common to these consolidated appeals is whether the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq., precludes the waiver of governmental immunity found in Philadelphia Code Section 21–701. We will also address an additional question raised in *Kathleen Williams v. SEPTA and the City of Philadelphia*, which is whether the trial court erred in refusing to enter judgment N.O.V. or grant a new trial against SEPTA in light of the jury's inconsistent answers to interrogatories.[1]

These appeals are from orders of the Commonwealth Court. 133 Pa.Cmwlth. 55, 574 A.2d 1175 and 133 Pa.Cmwlth. 396, 576 A.2d 411. We begin by briefly recounting the facts and procedural history of the separate cases.

### *No. 22 E.D. Appeal Docket 1991*

Joan Gray was injured in an automobile accident when her vehicle collided at an intersection with a patrol car driven by a Philadelphia police officer who was responding to an emergen-

---

1. Appellant City of Philadelphia, in *City of Philadelphia v. Joan Gray*, also raises the issue of whether the Tort Claims Act bars imposition of delay damages against the City. Because this issue was not raised in the City's Petition for Allowance of Appeal, it is waived. Nevertheless, as we most recently stated in *Tulewicz v. SEPTA*, 529 Pa. 588, 606 A.2d 427 (1992) delay damages were procedural in nature and thus we had the power to award delay damages pursuant to the Sovereign Immunity Act, even though such damages were not authorized by the Act. See *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981) appeal dismissed, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982).

cy call. In her complaint, Mrs. Gray alleged that the police officer negligently drove through a red light.

The first trial was declared a mistrial. Following a second trial, the jury returned a verdict of $250,000.00 for Mrs. Gray and also found that the City of Philadelphia was sixty percent liable for her injuries. The trial court molded the verdict to $150,000.00. Mrs. Gray then filed a motion for delay damages which was granted in the amount of $80,887.00.

The City filed post trial motions alleging numerous trial court errors. On July 28, 1989, the trial court, applying the Political Subdivision Tort Claim Act, 42 Pa.C.S. § 8553(c)(2)(ii), determined that its failure to instruct the jury that they had to find that Mrs. Gray suffered permanent injury before an award for pain and suffering could be made warranted a new trial on the liability portion of the case. The trial court denied the City's remaining post trial motions. The City then filed a petition for reconsideration. The trial court then remolded the original judgment to subtract insurance money already paid to Mrs. Gray pursuant to Section 8553(d) of the Political Subdivision Tort Claim Act. Notwithstanding this action, the trial court denied the petition for reconsideration.

Thereafter, Mrs. Gray and the City of Philadelphia each appealed from the post trial order dated July 28, 1989, which granted the City a new trial. A panel of the Commonwealth Court (Craig, *Palladino,* JJ. and Barry, SJ.) reversed the trial court's grant of a new trial. The Commonwealth Court determined that the sole source of the requested jury instruction was the limitation of damages provisions of the governmental immunity act. The Commonwealth Court therefore held that under *City of Philadelphia v. Middleton,* 89 Pa.Commw. 362, 492 A.2d 763 (1985), the City, in enacting Philadelphia Code Section 21–701, waived governmental immunity and all those limitations upon plaintiffs seeking damages from the City.

### No. 131 E.D. Appeal Docket 1991

On March 6, 1981, Kathleen Williams boarded a trolley owned and operated by Southeastern Pennsylvania Transpor-

tation Authority (SEPTA). As she began to take a seat, the trolley came to an abrupt stop after colliding with an unmarked police car operated by an on-duty police officer for the City of Philadelphia. Kathleen Williams suffered a twisted ankle and injury to her lower back which hit a vertical pole as she fell.

Kathleen Williams filed this negligence action seeking damages for her personal injuries. Following trial, interrogatories were submitted to the jury which found the City of Philadelphia's negligence was a substantial factor in causing Kathleen Williams' accident and injuries and attributed seventy-five percent of the causal negligence to the City. The jury found that SEPTA's negligence was not a substantial factor in causing Kathleen Williams' accident and injuries, but attributed twenty-five percent of the causal negligence to SEPTA. Furthermore, the jury determined Kathleen Williams did not suffer a permanent loss of a bodily function. The jury awarded Kathleen Williams $20,000.00 in damages of which $18,000.00 was for pain and suffering.

Kathleen Williams filed a motion for post-trial relief requesting judgment in her favor against SEPTA or in the alternative a new trial. She also sought judgment in her favor against the City based upon the City's waiver of immunity by Section 21–701 of the Philadelphia Code. Relative to the first claim, the trial court found, contrary to Kathleen Williams' contention, that the jury made consistent findings with regard to SEPTA's negligence and any objection to the wording of the interrogatories was waived. The trial court also held that the police officer's negligence was governed by the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq. The trial court therefore denied Kathleen Williams' motion and entered judgment upon the verdict in favor of Kathleen Williams and against the City of Philadelphia in the amount of $2,000.00 based upon 42 Pa.C.S. § 8553(c)(2) and in favor of SEPTA and against Kathleen Williams.

On appeal, a panel of the Commonwealth Court (Doyle, *Palladino*, JJ. and Barbieri, SJ.) affirmed the order of the Court of Common Pleas of Philadelphia County. The Com-

monwealth Court determined that Kathleen Williams neither objected to the jury charge nor the wording of the interrogatories prior to the case going to the jury and thus waived any claim that the jury made inconsistent findings relative to SEPTA's negligence. Similarly, the court found that she had waived any argument as to the applicability of the Political Subdivision Tort Claims Act by failing to object to the jury charge that damages could not be awarded for pain and suffering unless there was a permanent injury.

■ We granted the Petition for Allowance of Appeal in each case and consolidated them for argument. Now, we turn to the controlling question common to these consolidated appeals which is whether the Political Subdivision Tort Claims Act precludes the waiver of governmental immunity found in Philadelphia Code Section 21–701.

The City of Philadelphia contends that the Political Subdivision Tort Claims Act superseded Section 21–701 of the Philadelphia Code because Section 801(c) of the Act as originally enacted expressly repealed all prior inconsistent legislation. In addition, the City also relies upon Section 8563(a) of the Act which provides: A local agency may promulgate rules and regulations not inconsistent with this subchapter in order to implement the intent of this subchapter. The City's final argument is that because City Counsel Bill No. 1057 rescinded Code Section 21–701 for all pending cases, it has the right to raise and now raises its governmental immunity protection.[2]

Conversely, Kathleen Williams contends that since the City of Philadelphia has the authority to waive its immunity by ordinance, it is only necessary to consider the plain language of the Code Section 21–701. Because the plain language of the Code clearly waives the immunity defense, Kathleen Williams argues that the Political Subdivision Tort Claims

---

**2.** Philadelphia Code Section 21–701 was enacted in 1962 and amended in 1971. On December 4, 1990, the mayor of Philadelphia signed Bill No. 1057, Section 1 of which repealed Code Section 21–700 and in Section 2 made the ordinance effective immediately as to *all pending civil actions* and all civil actions commenced on or after the effective date of the ordinance.

Act's limitations upon recoverable damages is not applicable and she is entitled therefore to recover the full damages assessed.

Joan Gray claims that the City ordinance relinquishing governmental immunity remained effective through the period where common law immunity was abolished and statutory immunity was enacted. She also asserts that there is nothing within the Political Subdivision Tort Claims Act to suggest that the Commonwealth intended that it could modify its own immunity but that the City could not.

Section 802(c) of the Political Subdivision Torts Claim Act as originally enacted provided that "[a]ll other acts or parts of acts are repealed to the extent of any inconsistency." While similar provisions are now found in Sections 8541–8564 of the Judicial Code as amended, there does not exist an express repealer section. This fact, however, does not vitiate the effect of former Section 802(c). See 1 Pa.C.S. § 1977.

A provision which is similar to Section 802(c) can be found in Section 8563(a) which provides: A local agency may promulgate rules and regulations not inconsistent with this subchapter in order to implement the intent of this subchapter.

We must now determine whether or not any inconsistency exists between Philadelphia Code Section 21–701 and the Political Subdivision Tort Claims Act. Section 21–701 of the Philadelphia Code provides in relevant part:

> (a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

The Commonwealth Court in *City of Philadelphia v. Joan Gray,* supra, relied upon *City of Philadelphia v. Middleton,* supra, to find that the City waived its governmental immunity in enacting the provision of Code Section 21–701. In *City of Philadelphia v. Middleton,* the Commonwealth Court, en banc, concluded that the City's waiver of immunity contained within Code Section 21–701 was not inconsistent with the

Political Subdivision Tort Claims Act. The court reasoned that the legislative history of the Act revealed no indication that the eight exceptions listed in the Act were intended to be exclusive or that local municipalities were forbidden to waive the immunity granted by the Act. The majority's reasoning is flawed.

As then President Judge Crumlish, Jr., stated in his dissent, the majority's conclusion inexplicably ignores a clear, unambiguous statement of legislative intent. Specifically, Judge Crumlish noted that:

Section 8541 of the Judicial Code states: "Except as otherwise provided in this subchapter (Subchapter C, Actions Against Local Parties), no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person." (Emphasis added.) [Footnote omitted.] This section goes beyond merely clothing local governments with an immunity defense subject to waiver. It plainly forbids any damage recoveries against political subdivisions outside the parameters of the exceptions enumerated in Section 8542 of the Code. [Footnote omitted.] The City ordinance authorizes the imposition of damages in situations that do not come within Section 8542. Therefore, the ordinance permits what the Act expressly prohibits, and it is thus invalid.

89 Pa.Commw. at 367–368, 492 A.2d at 766.

More recently, we found in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), that an absolute rule of governmental immunity was stated in 42 Pa.C.S. § 8541. Similarly, in *In re: Upset Sale of Properties Against Which Delinquent 1981 Taxes Were Returned to the Tax Claim Unit On or About the First Monday of May, 1982 (Skibo Property)*, 522 Pa. 230, 560 A.2d 1388 (1989) we stated that the defense of governmental immunity is an absolute defense, directly analogous to our holding in workmen's compensation cases and is not waivable nor is it subject to any procedural devise that could render a governmental agency liable beyond the exceptions granted by the legislature. 522 Pa. at 232, 560 A.2d at

1389 (citations omitted). See also *Tulewicz v. SEPTA*, supra [defense of immunity under Sovereign Immunity Act was nonwaivable. 42 Pa.C.S. § 8522(a)].

Because the City of Philadelphia waived immunity under Section 21–701 and rendered the City of Philadelphia liable beyond the exceptions granted by the legislature, we now hold that Philadelphia Code Section 21–701 is inconsistent with the Political Subdivision Tort Claims Act and is therefore invalid.

The Commonwealth Court in *City of Philadelphia v. Joan Gray*, No. 22 E.D. Appeal Docket 1991, erred in reversing the trial court's grant of a new trial by finding that Philadelphia Code Section 21–701 waived governmental immunity. Conversely, the Commonwealth Court in *Kathleen Williams v. SEPTA and City of Philadelphia*, No. 131 E.D. Appeal Docket 1991, properly affirmed, albeit on alternative grounds, the portion of the trial court's order which was based upon a finding that the police officer's negligence was governed by the Political Subdivision Tort Claims Act.

The final issue we must address is whether the trial court erred in refusing to enter judgment N.O.V. or grant a new trial against SEPTA in light of the jury's inconsistent answers to interrogatories.

Kathleen Williams' contention is that the trial court should have molded the verdict to enter judgment against SEPTA due to the jury's apportionment of twenty-five percent of the causal negligence to SEPTA or in the alternative, granted a new trial due to the inconsistency of the jury's answers to the interrogatories.

The trial court and the Commonwealth Court both concluded, however, that Kathleen Williams waived any argument arising from the inconsistent responses of the jury by her failure to object during trial to either the jury instruction or the interrogatories submitted to the jury. Specifically, waiver was found to exist as a result of Kathleen Williams' failure to object to the jury charge or the wording of the interrogatories prior to the case going to the jury.

In *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974), we set forth the doctrine of waiver and the underlying policy considerations which are:

First, appellate courts will not be required to expend time and energy reviewing ·points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. [Footnote omitted]. Finally, the exception requirement will remove the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions. [Footnote omitted].

*Id.* 457 Pa. at 259, 322 A.2d at 116–117.

The interrogatories and the jury's responses are as follows:

*Question 1*

Do you find that the defendant, Septa driver, was negligent in the operation of his vehicle?

Jury Response: Yes

If the answer to Question No. 1 is yes, do you find that the defendant Septa driver's negligence was a substantial factor in the plaintiff's accident and her injuries resulting from that accident?

Jury Response: No

*Question 2*

Do you find that Police Officer Kober was negligent in the operation of his vehicle?

Jury Response: Yes

If the answer to Question No. 2 is yes, do you find that Officer Kober's negligence was a substantial factor in plaintiff's accident and her injuries resulting from that accident?

Jury Response: Yes

*Question 3*

As between the two defendants, indicate the percentage of causal negligence you have found on the part of the defendants, making certain that the total of both equals 100%

| | |
|---|---|
| SEPTA's Negligence | 25% |
| City's Negligence | 75% |
| TOTAL | 100% |

*Question 4*

Do you find that plaintiff, Kathleen Williams, sustained a permanent injury?

Jury Response: No

*Question 5*

Set forth the amount of damages that you have found appropriate to compensate plaintiff, Kathleen Williams, for her injuries.

| | $20,000.00 |
|---|---|
| Pain & suffering | $18,000.00 |

It is apparent from a review of the interrogatories that the questions posed to the jury did not call for inconsistent answers. For this reason, objection to the interrogatories would only arise when inconsistent answers were given. It was error therefore to have found Kathleen Williams waived any objection to the interrogatories prior to the case going to the jury.

The record reveals, however, that when the jury returned with its verdict, the court crier posed the above-cited interrogatories to the foreperson of the jury whose answers corresponded to the jury responses also cited above. The trial court asked if either party wanted the jury polled. Each party declined. The verdict then was recorded. R.R. 171a–173a.

Kathleen Williams did not object to the inconsistency of the jury's answers to the interrogatories when the verdict was rendered. Instead, she raised this issue for the first time in her post trial motions. Because this issue was not pre-

served at trial, we must find that it was waived. *Dilliplaine v. Lehigh Valley Trust Co.,* supra. The trial court therefore did not err in refusing to enter judgment N.O.V. or grant a new trial against SEPTA notwithstanding the inconsistency of the jury's answers to the interrogatories.

We now reverse the order of the Commonwealth Court in *City of Philadelphia v. Joan Gray,* No. 22 E.D. Appeal Docket 1991, and remand to the Court of Common Pleas of Philadelphia County for a new trial.[3] Simultaneously, we affirm the order of the Commonwealth Court in *Kathleen Williams v. SEPTA and City of Philadelphia,* No. 131 E.D. Appeal Docket 1991, which in turn affirmed the order of the Court of Common Pleas of Philadelphia County that denied Kathleen Williams' post-trial motions.

LARSEN, J., did not participate in the consideration or decision of this case.

McDERMOTT, J., did not participate in the decision of this case.

PAPADAKOS, J., files a concurring opinion in which he joins the majority opinion.

PAPADAKOS, Justice, concurring.

I join the Majority opinion but write separately to add a point of clarification concerning Kathleen Williams' contention that the jury returned inconsistent answers to the interrogatories it was given. Since this issue was not properly raised and preserved, it is beyond our scope of review and we cannot reach the merits. *Reilly by Reilly v. SEPTA,* 507 Pa. 204, 489 A.2d 1291 (1985). Accordingly, I do not read the majority to be saying that inconsistent questions were given to the jury or that it returned inconsistent answers.

3. The Court of Common Pleas of Philadelphia County had awarded a new trial as to liability only, based upon its failure to instruct the jury that before damages can be awarded for pain and suffering the injuries must be permanent. See 42 Pa.C.S. § 8553(c)(2)(ii). Because damages may include pain and suffering if a permanent injury exists, the trial court erred in granting a new trial as to liability only.