**Orysia Z. JOHNSON, Legal Representative of the Estate of James Johnson, Deceased and Orysia Johnson, In Her Own Right, Appellant,**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1995.
Decided March 29, 1995.

Robert Land, for appellant.

Alan C. Ostrow, Deputy City Sol., for appellee.

Before COLINS, President Judge, FRIEDMAN, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Orysia Johnson, as legal representative of the estate of James Johnson and in her own right (Johnson), appeals from the December 20, 1993 order of the Honorable Victor J. DiNubile, Jr. of Court of Common Pleas of Philadelphia County (trial court), granting the City of Philadelphia's (the City's) motion for summary judgment. We affirm.

The issue before us is whether the trial court erred in determining that Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542, bar a claim involving a City police officer's alleged negligent failure to protect a passenger on a Port Authority Transit Corporation (PATCO) concourse where 1) there allegedly existed a "special relationship" between the passenger and the police officer; 2) the cause of action accrued before the Pennsylvania Supreme Court declared invalid the City's waiver of immunity ordinance in *City of Philadelphia, Police Department v. Gray*, 534 Pa. 467, 633 A.2d 1090 (1993); and 3) the City allegedly waived its immunity under its lease agreement with PATCO.[1]

### Background

This suit arises from the death, on November 11, 1980, of James Johnson (Decedent), a fare-paying passenger of PATCO, who was killed in the course of an altercation with another party on the PATCO concourse at 8th and Market Streets. Johnson brought suit against PATCO and the City alleging negligent failure to protect Decedent from the harmful acts of others. Johnson settled with PATCO. The City filed a motion for summary judgment alleging that the incident in question does not fall within the purview of the enumerated exceptions to sovereign immunity contained in the Judicial Code.

The trial court granted the City's motion. The court reasoned that the Supreme Court in *City of Philadelphia, Police Department v. Gray*, 534 Pa. 467, 633 A.2d 1090 (1993), declared invalid the City's waiver of immunity ordinance involving negligence of police officers;[2] therefore, Johnson's action, based on that ordinance, must fail.

On appeal to this Court, Johnson argues that, because a "special relationship" existed between Decedent and the City, the City is liable for its negligent conduct under a contract implied in law regardless of whether the acts fall within any exception to immunity under the Judicial Code.[3] Alternatively,

---

1. Our scope of review of an appeal from the grant of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Rankin v. Southeastern Pennsylvania Transportation Authority*, 146 Pa.Commonwealth Ct. 429, 606 A.2d 536 (1992).

2. The City Ordinance, Section 21–701 of the Philadelphia Code, provides in relevant part that:

    (a) the City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

3. Relying on *Thomas v. City of Philadelphia*, 133 Pa.Commonwealth Ct. 121, 574 A.2d 1205, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990), Johnson contends that Decedent had a special relationship with the City because 1) a City transit police officer observed the altercation; 2) the officer observed the altercation at a point where, had he intervened, he could have prevented death or serious bodily injury that was certain to ensue; 3) the City, through its lease to PATCO, retained the right to

Johnson argues that we should not apply *Gray* retroactively to this case because, according to Johnson, Decedent had a vested right in being protected by the police at the time of his death. Additionally, Johnson asserts that retroactive application of *Gray* is inappropriate because the Supreme Court established a new principle by overruling the Commonwealth Court's decision in the same case. Johnson also argues, relying on *Ludwin v. Port Authority Transit Corporation*, 102 Pa.Commonwealth Ct. 36, 517 A.2d 1006 (1986), that, even if *Gray* invalidated the City's waiver of immunity by municipal ordinance, the lease between the City and PATCO created a waiver of immunity by contract.

## Discussion

### Waiver of Immunity under the Judicial Code

■■■ Contrary to Johnson's assertion, the statutory waiver of immunity comes into play only after both of the following conditions are met: (a) "[t]he damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under [the immunity provisions]," 42 Pa.C.S. § 8542(a), and (b) the acts fall within one of eight enumerated exceptions, 42 Pa.C.S. § 8542(b). The existence of a special relationship between a crime victim and the police provides a narrow exception to the rule that the police have no duty to provide protection to specific individuals. *Thomas v. City of Philadelphia*, 133 Pa.Commonwealth Ct. 121, 574 A.2d 1205, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990). Thus, the special relationship doctrine creates a common law cause of action that, otherwise, would not exist. It does not eliminate the requirement that the plaintiff show that the alleged negligence falls within an enumerated exception to immunity.

*Ludwin*, a case involving similar factual circumstances (and decided before *Gray*), illustrates the two-part analysis under the Judicial Code. In *Ludwin*, the plaintiff sought to impose liability on the City under Section 344 of the Restatement (Second) of Torts (1965).[4] We determined that the plaintiff must still show that the alleged negligent conduct falls within an exception to immunity in order to sustain the cause of action. In reaching our conclusion, we rejected a prior decision of this Court that only a cause of action under the Restatement need be proved in order for a plaintiff to maintain a cause of action against a governmental subdivision for a third-party criminal attack. Likewise, in the case at bar, in order to sustain a cause of action founded upon the special relationship doctrine, Johnson must also show that the alleged negligent conduct of the police officer falls within an exception to immunity, which she has failed to do.

### Retroactive Application of Gray

■■ Ostensibly in effect at the time of Decedent's injury, Section 21–701 of the Philadelphia Code provided a waiver of the City's immunity in cases involving the negligence of police officers, regardless of whether the alleged negligence fell within any exception to immunity enumerated in the Judicial Code. Therefore, we address Johnson's assertion that retroactive application of *Gray* is inappropriate in this case. We conclude that *Gray*, itself, supports the retroactive invalidation of the City's ordinance. As stated, the Supreme Court, in *Gray*, held that the Judicial Code precludes the City's waiver of immunity by ordinance. In that case, the Court, thus, applied the Judicial Code to claims which had accrued during the time that the City's waiver of immunity ordinance was purportedly in effect. Following *Gray*, we do the same here.

We note that the City's waiver of immunity ordinance was repealed in 1990 and that the repealer ordinance stated that it was intended to apply to actions such as this which

police the area and, thus, voluntarily assumed the protection of transit users. Further, Johnson contends that the City conceded that a special relationship existed. (R.R. at 11.)

4. Section 344 defines circumstances under which a possessor of land who opens it to the public for business purposes may be subject to liability for harm caused to members of the public while they are upon the land for such a purpose.

were then pending. *See Gray,* 534 Pa. at 467 n. 2, 633 A.2d at 1092 n. 2. However, in 1992, in a case decided before *Gray,* this Court refused to apply the repealer retroactively to a pending cause of action. That decision has been appealed to the Supreme Court. *City of Philadelphia v. Patton,* 148 Pa.Commonwealth Ct. 141, 609 A.2d 903 (1992), *petition for allowance of appeal granted,* 537 Pa. 614, 641 A.2d 313 (1994). We conclude that the non-retroactivity portion of our *Patton* decision is inconsistent with the Supreme Court's later holding in *Gray.* Therefore, we decline to follow *Patton* here.

### Contractual Waiver of Immunity

We turn, therefore, to Johnson's final argument, that, regardless of the Judicial Code, the City waived its immunity under the lease agreement with PATCO. Under the lease agreement between PATCO and the City, the City agreed to indemnify PATCO for any actions brought against PATCO with respect to injury or death arising out of crime. (R.R. 21.) In *Ludwin,* interpreting a similar lease provision, this Court stated that "the terms of the lease are tantamount to a waiver of immunity by the City." However, an entire reading of *Ludwin* clearly demonstrates that, although the City could be held liable to PATCO under the terms of the lease, the City cannot be held directly liable to an injured party. Therefore, *Ludwin,* at best, would support only a cross-claim by PATCO against the City under the indemnity provision of the lease. However, *Ludwin* remains of questionable validity because its rationale relies upon the City's ability to waive immunity by ordinance and such a waiver was later rejected in *Gray.* Additionally, we observed in *Sims v. Silver Springs–Martin Luther School,* 155 Pa.Commonwealth Ct. 619, 625 A.2d 1297 (1993), that the legislature never intended, under the Judicial Code, that a local agency be held liable for tort damages under a contract theory.

We conclude that the trial court correctly held that the City was immune from liability and affirm the grant of summary judgment.