know if you actually indicated your position or if you want to.

[COUNSEL]: No, Your Honor.

*Id.* at 362. As there is no right to hybrid representation at trial, *see, e.g., Commonwealth v. Ellis,* 534 Pa. 176, 180, 626 A.2d 1137, 1139 (1993), the trial court was not duty-bound to explore Appellant's request, relayed without counsel's support. Moreover, in my view at least, a litigant who wishes to invoke some extraordinary procedure (such as reopening the record effectively to retract a previous waiver), should carry the burden of making an adequate, supportive proffer and, if factual matters are in controversy, to request an evidentiary determination or colloquy, as appropriate. Here, however, there was no proffer and no request for a hearing or colloquy.

In the absence of a motion, proffer, and request for a hearing or colloquy, I conclude that the trial court did not err in its response upon hearing of Appellant's wishes. I also believe that any fact-finding is best left to the post-conviction stage, at which Appellant may elect to challenge the manner in which his request was presented to the court.

Justice TODD joins this Concurring Opinion.

Margaret SHELHAMER, as Executrix of the Estate of Thomas Shelhamer, Deceased, and In her Own Right, Appellee,

v.

John CRANE, Inc., f/k/a Crane Packing, Appellant.

Superior Court of Pennsylvania.

Argued June 5, 2012.
Filed Nov. 20, 2012.

Gregory R. Webber, Philadelphia, for appellant.

Michael A. Pollard, Chicago, IL, for appellee.

BEFORE: STEVENS, P.J.,
LAZARUS, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

Defendant/Appellant John Crane, Inc. ("Crane"), challenges an order of the Court of Common Pleas of Philadelphia County, granting a new trial pursuant to a post-trial motion filed by Plaintiff/Appellee, Margaret Shelhamer ("Shelhamer"), executrix of the estate of Thomas Shelhamer ("decedent"). We reverse.

The parties to the instant appeal were originally part of a larger, strict product liability action involving an additional plaintiff (Thomas Jones ("Jones")), and three additional defendants (B.F. Goodrich, Buffalo Pumps, Garlock Company, and Ingersoll Rand). A jury trial presided over by the Honorable Ricardo C. Jackson was conducted in reverse bifurcated format, with damage issues addressed in phase I, and liability issues dealt with during phase II. During phase I, the jury determined that Shelhamer had proven by a fair preponderance of the evidence that exposure to asbestos was a factual cause of decedent's mesothelioma. 11/23/10 at 39.[1] During phase II, special interrogatories were proposed and presented to the jury. N.T. 12/9/10 at 83. Question #1 asked: "Do you find that Plaintiff, Thomas Shelhamer, was exposed to the asbestos products of: B.F. Goodrich, Buffalo Pumps, Garlock Co., Ingersoll Rand, John Crane, Inc.?" Jury Verdict Sheet dated 12/9/10. With regard to this question, jury was instructed "[i]f your answer to Question #1 is "YES" to any of the above defendants ... proceed to Question #2. If your answer to Question #1 is "NO" to all of the above defendants, sign and date the verdict sheet and return to the courtroom because the plaintiffs cannot recover." Id. In response to Question #1, the jury responded "YES" to all defendants except Crane, indicating that it found that decedent was not exposed to the asbestos product of Crane.

Question #2 asked the jury "[d]o you find that the asbestos products of any of

---

* Retired Senior Judge assigned to the Superior Court.

1. During phase I, Crane did not contest the mesothelioma diagnosis, but took the position that its product was not defective and had not caused the injury.

the below Defendants [as listed in question # 1] were defective?" *Id.* With regard to this question, the jury was then instructed:

> If your answer to Question # 2 is "YES" to any of the above defendants listed in Question # 2, proceed to Question # 3. If your answer to Question # 2 is "NO" to all of the above defendants, sign and date the verdict sheet and return to the courtroom because the plaintiffs cannot recover.

*Id.*[2] The jury again answered "YES" with regard to every defendant except Crane, indicating that it found that the asbestos product of Crane was not defective.

The third and final question asked "[d]o you find that the defective product of any of the below Defendants listed [as in Question # 1] was a factual cause of Mr. Shelhamer's asbestos related mesothelioma?" *Id.* Despite finding in Questions # 1 and # 2 that Crane's asbestos product was not defective and that decedent had not been exposed to the product, the jury answered Question # 3 in the affirmative with regard to every defendant, including Crane. In addition to being recorded on the verdict sheet, the jury's answers were read aloud by the jury foreperson. N.T. 12/9/10 at 101–103. The jury foreperson also read aloud the jury's findings with regard to Jones, the other plaintiff. *Id.* at 103–105. With regard to Question # 3, which was identical to the third question posed as to decedent, the jury found as to *Jones* that the asbestos products of every defendant *except* Crane were a factual cause of Jones' injury. *Id.* at 105.

Immediately following the foreperson's reading of the answer to Question # 3 as to Jones, counsel for Crane requested a side-bar and asked that the foreperson reread the jury's answer to Question # 3 as it pertained to decedent. *Id.* at 106.

The foreperson again stated that the jury found as to decedent that the asbestos products of every defendant *including* Crane were a factual cause of the injury. *Id.* at 107.

Despite the fact that the jury's first two answers conflicted with their third answer, *neither party objected to the verdict,* and it was recorded as follows:

> [T]he jury has found that Mr. Shelhamer was exposed to asbestos products of B.F. Goodrich, Buffalo Pumps, Garlock Company, Ingersoll Rand, and not exposed to the product of John Crane, Inc. accordingly.
>
> The jury also found that the asbestos products of some of the defendants was defective. They found the defective products were those products manufactured by B.F. Goodrich, Buffalo Pumps, Garlock Company, Ingersoll Rand, but not by John Crane, Inc.
>
> They found that the defective product was a factual cause of Mr. Shelhamer's asbestos-related mesothelioma and they found that the companies that were a factual cause were B.F. Goodrich, Buffalo Pumps, Garlock Company, Ingersoll Rand, and John Crane, Inc.

*Id.* at 108. When the phase I and phase II verdicts were subsequently entered on the docket on December 13, 2010, however, they were worded as follows: "Phase I—Jury verdict in the amount of $8,000,000.00. Phase II—Verdict entered against Defts, BF Goodrich, Buffalo Pumps, Garlock Co. and Ingersoll Rand." Docket Sheet page 62. A verdict was *not* entered in favor of Shelhamer against Crane.

On December 17, 2010, Shelhamer filed a timely Motion for Post–Trial Relief, as-

---

**2.** Thus, the interrogatories contained no instruction to the jury how to proceed if it answered "NO" as to some, but not all, of the defendants.

serting in pertinent part that the jury's findings showed "confusion and contradiction" requiring the "grant of a new trial." Post–Trial Motion filed 12/17/10. In response, Crane asserted that Shelhamer had waived this claim. Response filed 12/23/10. Judge Jackson, however, granted Shelhamer's request for a new trial via the following order:

> AND NOW, this 17th day of February, 2011, after review of Plaintiff's Motions for Post Trial Relief, Defendant's Response, and after argument in open Court, it is hereby ORDERED and DECREED that Plaintiff's Post Trial Motion in the Alternative for a New Trial as to Defendant, John Crane, Inc., only, is GRANTED. It is hereby ORDERED and DECREED that a New Trial shall take place on all Phase II liability issues with respect to said Defendant.

> This is a confirming Order, of the Order entered of record after argument with respect to Post Trial Motions in both of the above captioned matters, to wit, February 17, 2011.

Order dated 2/17/11, filed 2/23/11.

Crane has appealed, pursuant to Pa. R.A.P. 311(a)(6),[3] asking this Court to determine whether Judge Jackson "erred in granting [Shelhamer's] Post–Trial Motion in the Alternative for a New Trial on the grounds of an inconsistent verdict. Crane's brief at 3.[4] In support of this allegation of error, Crane asserts that (1) Judge Jackson abused his discretion in awarding a new trial because Shelhamer waived the right to argue that the verdict was inconsistent by failing to object to it at trial, (2) that Judge Jackson abused his discretion in awarding a new trial because

the jury found in favor of Crane and against Shelhamer with regard to two essential elements of Shelhamer's claim, and (3) even if a new trial was properly granted, Judge Jackson erred in limiting the trial to phase II only. *Id.* at 16–17. Because we find it dispositive, we need only address Crane's allegation regarding waiver.

■■■ "The application of the waiver doctrine raises a question of law. On questions of law, our standard of review is de novo and our scope of review is plenary." *Straub v. Cherne Indus.,* 583 Pa. 608, 615 fn. 7, 880 A.2d 561, 566 fn. 7 (2005) (*citing In re Hickson,* 573 Pa. 127, 821 A.2d 1238, 1242 (2003); *In re Ischy Trust,* 490 Pa. 71, 415 A.2d 37, 43 (1980)). "Under prevailing Pennsylvania law, a timely objection is required to preserve an issue for appeal." *Samuel–Bassett v. Kia Motors Am., Inc.,* 613 Pa. 371, 34 A.3d 1, 45 (2011) cert. denied, —— U.S. ——, 133 S.Ct. 51, 183 L.Ed.2d 677 (2012) (*citing* Pa.R.C.P. No. 227.1(b)(1) & n.; Pa.R.A.P. 302; *Straub, supra; Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114, 116–17 (1974)). Rule of Civil Procedure 227.1(b) and its accompanying note direct that:

> (b) Except as otherwise provided by Pa. R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

> > (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

> > (2) are specified in the motion. The motion shall state how the grounds

---

3. Rule 311(a)(6) provides that "[a]n appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from ... [a]n order in a civil action or proceeding awarding a new trial." Pa.R.A.P. 311(a)(6).

4. Crane has filed a Rule 1925(b) Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), to which Judge Jackson has responded.

were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Note: If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.

Pa.R.C.P. 227.1(b). Rule 302(a) directs that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

In this regard, Rule 227.1(b)(1) incorporates this court's landmark decision in *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), which abrogated the doctrine of basic and fundamental error and requires litigants to make timely objections at trial in order to preserve issues for post-trial relief and appellate review on the merits. *See Explanatory Comment* 1983 to Pa. R.C.P. 227.1; *Criswell v. King*, 575 Pa. 34, 834 A.2d 505, 509–10 (2003) ["We reaffirm that ... an inconsistent verdict provides grounds for objection and, if a party seeks relief upon grounds of verdict inconsistency, it must forward a timely, contemporaneous objection upon the rendering of the verdict."]. By our decision in *Dilliplaine*, we sought to advance judicial economy and the efficient use of judicial resources at trial and on appeal by insuring that the trial court was given the opportunity to correct alleged errors. *Dilliplaine*, 322 A.2d at 116–17.

This court has applied *Dilliplaine's* contemporaneous objection requirement to a party who moves for a judgment n.o.v. or other post-trial relief based on the assertion that a jury's answers to special interrogatories were inconsistent. In [*City of Philadelphia v. Gray*, 534 Pa. 467, 633 A.2d 1090 (1993) ], we held that a post-trial challenge to the jury's answers to special interrogatories was waived because that challenge was not preserved by an objection to the verdict when it was rendered. 633 A.2d at 1095.

*Straub*, 583 Pa. at 616, 880 A.2d at 566. *See also Elliott v. Ionta*, 869 A.2d 502, 504 (Pa.Super.2005) (citing *Criswell*, 575 Pa. at 40, 834 A.2d at 508 (An objection to the inconsistency of the verdict must be raised when the verdict is rendered.)); *Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa.Super.2000) ("[S]ince *Dilliplaine* and its progeny, one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter."). "By its nature, [Rule 227.1's] contemporaneous objection requirement is imposed on the party who seeks to claim that post-trial relief is warranted due to an error that occurred at trial." *Straub*, 583 Pa. at 618, 880 A.2d at 568.

The verdict sheet used in the case at hand, like those formulated in *Straub*, allowed the jury to find the product not defective, yet still impose liability. As we noted above, the interrogatories specifically instructed the jury how to proceed if it answered "NO" as to *all* of the defendants, but gave no guidance as to how to proceed if it answered "NO" as to *some* of the defendants. The jury thus found that decedent had *not* been exposed to Crane's product, which was *not* defective, and yet, in obvious conflict with those findings, also concluded that "the defective product" of Crane was a factual cause of decedent's injury. Despite this, no further inquiries or objections were made by the parties or Judge Jackson prior to the reading of the verdict on the record, and no objections

were made following the reading of the verdict.

■ Under Rule 227.1(b) if no contemporaneous objection is made to an error that could have been corrected during trial, that error may not constitute a ground for post-trial relief. Here, Shelhamer was granted a new trial on the basis that the jury's findings were inconsistent. Clearly, however, Shelhamer did not raise this inconsistency at the time the verdict was rendered. As explained above, Shelhamer, as the party seeking post-trial relief on the grounds of an inconsistent jury verdict, was required to make a contemporaneous objection to that inconsistency, and the failure to do so barred a later attempt to raise the claim via post-trial motion. We therefore conclude that it was error for Judge Jackson to grant Shelhamer's post-trial motion on a claim which had been waived. Pa.R.C.P. 227.1(b), *Straub, supra.*[5] As such, it is necessary to reverse the February 23, 2011 Order granting Shelhamer a new trial as to Crane.

Order granting new trial reversed. Judgment reinstated.

**5.** We note that in his Rule 1925(a) Opinion, Judge Jackson recognizes that Shelhamer failed to make a contemporaneous objection to the inconsistency of the jury verdict. Rule 1925(a) Opinion filed 12/13/11 (unpaginated). Despite this acknowledgment, the Opinion suggests that Crane's waiver argument is without merit because a new trial was or-dered by the court *sua sponte. Id.* The record, however, does not support Judge Jackson's explanation that a new trial was ordered *sua sponte,* as the February 23, 2011 order clearly shows that a new trial was granted in response to Shelhamer's post-trial request for such relief, based on the asserted inconsistency of the verdict. Order filed 2/23/11.