J-S05034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TIMOTHY J. HOFFMAN AND KAREN D. HOFFMAN, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JAMES P. SNELL, ANADARKO E & P COMPANY, LP, AND CHESAPEAKE APPALACHIA, LLC, | |
| Appellees | No. 2266 MDA 2015 |

Appeal from the Judgment Entered February 12, 2016
in the Court of Common Pleas of Bradford County
Civil Division at No.: 345-CV-2009

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 22, 2017**

Appellants, Dr. Timothy J. Hoffman and Dr. Karen D. Hoffman, plaintiffs at the bench trial, appeal from the judgment entered in favor of defendants/Appellees, James P. Snell, Anadarko E & P Company, LP, and Chesapeake Appalachia, LLC. Appellants had alleged that Mr. Snell violated deed restrictions on land they had sold to him, by leasing oil and gas rights to the other Appellees. They seek a new trial. The trial court concludes that Appellants' issues on appeal are waived for failure of timely objection. After independent review, we agree. Accordingly, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We derive the facts of the case from the trial court opinion and our independent review of the record. (**See** Opinion of the Court Pursuant to Rule 1925(a) [Trial Court Opinion], filed 4/05/16).[1] In 2003, the Hoffmans (husband and wife) sold seventy acres of property adjoining their residential plot of forty-five acres to Timothy's cousin, Appellee James Snell.

The deed, drafted by the Hoffmans' lawyer, contained several restrictions.[2] These included a prohibition of the use of the premises "for any commercial enterprise whether fee-generating or not;" it provided that there should be "no improvements whatsoever" (with the express exception of dirt roadways for hunting); and barred the grant "to any third party [of] an easement, right-of-way, or license of any kind, for any purpose over or across said premises." (Deed between Timothy J. Hoffman and Karen D. Hoffman, and James P. Snell, November 26, 2003, at unnumbered page 2).

On June 13, 2006, Snell signed an oil and gas lease with Anadarko. (**See** Trial Ct. Op., at 1). Appellants brought a counseled complaint, seeking a declaratory judgment, on May 21, 2009.

Pertinent to the issues raised in this appeal, the trial court ruled that the term "premises" was ambiguous, particularly as to whether it included

---

[1] The trial court's opinion is dated April 1, 2016.

[2] Appellants maintain that they intended the restrictions imposed to preserve the rural farmland character of the neighborhood in its "pristine" state. (**See**, **e.g.**, Appellants' Brief, at 9, 12).

the subsurface as well as the surface of the land, and it allowed presentation of parol evidence to establish the intent of the parties. Similarly, the trial court ruled that "commercial enterprise" was ambiguous and permitted parol evidence to ascertain the intent of the parties on that reference as well.

At trial, the defendants maintained that the character of the neighborhood had changed with the arrival of multiple oil and gas operations, such that the purpose of the deed restrictions (maintenance of the rural, farmland character of the vicinity) no longer applied.

After the bench trial, both parties submitted court-ordered proposed findings of fact and conclusions of law. The trial court, as already noted, found in favor of the defendants, now Appellees, by order and with accompanying Findings of Fact and Memorandum Opinion, dated March 2, 2015, and filed March 6, 2015.

The trial court found that plaintiffs had permitted a significant amount of oil and gas development to occur on their own property, including the placement of a 900 foot pipeline requiring a 50 foot right-of-way, and a valve station. (**See** Findings of Fact, 3/06/15, at 5; **see also** N.T. Trial, 3/06/14 at 103, 113). Timothy's parents, who live on the adjacent plot (from which his plot was sub-divided), had also signed multiple oil and gas related agreements for the use of their land. (**See** N.T. Trial, 3/06/14 at 155; **see also** Findings of Fact, 3/06/15, at 6).

Appellants filed post-trial motions, which the trial court denied on November 24, 2015. This timely appeal followed.[3]

Appellants raise five questions on appeal:

A. Whether the trial court erred in ruling that the term "premises" as used in the deed was ambiguous and in allowing parol evidence on the intention of the parties?

B. Whether the trial court erred in ruling that the term "premises" as used in the deed referred only to the surface of the land and not the subsurface?

C. Whether the trial court erred in ruling that the term "commercial enterprise" as used in the deed was ambiguous and in allowing parol evidence on the intention of the parties?

D. Whether the trial court erred in holding that the [Appellees] met their burden of proving that the character of the neighborhood had changed?

E. Whether the trial court erred in ruling that the lease with Anadarko did not violate the third deed restriction which restricted Snell and his successors from granting any right of way of license for any purpose over and across said premises?

(Appellants' Brief, at 5) (some capitalization omitted).

Before we can address the merits of Appellants' claims, we must first determine whether their claims have been waived. The trial court concludes that they are. (**See** Trial Ct. Op., at 4, 6, 7, 9, 13, 15).

---

[3] Appellants timely filed a court-ordered concise statement of errors on January 20, 2016. The statement raised ten issues, reduced to five on appeal. We deem the additional five issues abandoned. The trial court entered judgment on February 12, 2016, and filed its Rule 1925(a) opinion on April 5, 2016. **See** Pa.R.A.P. 1925.

> The application of the waiver doctrine raises a question of law. **In re Ischy Trust**, 490 Pa. 71, 415 A.2d 37, 43 (1980). On questions of law, our standard of review is *de novo* and our scope of review is plenary. **In re Hickson**, 573 Pa. 127, 821 A.2d 1238, 1242 (2003).

**Straub v. Cherne Indus.**, 880 A.2d 561, 566 n.7 (Pa. 2005).

Here, counsel for Appellants challenges the assertion of waiver. He argues that he preserved the five issues for review by raising them in [Appellants'] Proposed Findings of Fact and Conclusions of Law. (**See** Appellants' Brief, at 34-37; Appellant's [sic] Reply Brief, at 1; **see also** Plaintiffs' Proposed Findings of Fact and Conclusions of Law, 7/29/14, at 1-49). Then, in the post-trial motion, counsel referenced either the Proposed Findings of Fact or Conclusions of Law as the place where the issues were raised and preserved. Counsel maintains that this procedure preserved all issues as "specifically allowed" by Pennsylvania Rule of Civil Procedure 227.1(b)(1). (Appellants' Brief, at 36). We disagree.

Preliminarily, we note that many of the purported objections were neither contemporaneous nor specific, as discussed hereafter. To the contrary, the Proposed Findings/Conclusions of Law is a forty-nine page document which essentially consists of a lengthy (and often repetitive) reargument of the underlying case. The supposed identification of the place where an objection was first raised and preserved is often obscure to non-existent.

For example, the first assertion that an issue was preserved states the following: "This issue [trial court ruling on alleged ambiguity of "premises"] was preserved in Plaintiffs' proposed Conclusions of Law **#2 to #21**." (Plaintiffs' Motions For Post-Trial Relief, 3/16/15, at 3 ¶ 6) (emphasis added).

An action is objected to or it is not. The requirement to make a timely, specific, contemporaneous objection is not satisfied by an after-the-fact reference to a twenty paragraph narrative which in the penultimate paragraph finally quotes the three deed restrictions at issue, which happen to include the word "premises," without further discussion of the purported error or objection.

Similarly, counsel asserts "[t]his issue [ruling on whether signing lease agreement or providing right of way *ipso facto* violated third restriction in deed] was preserved in Plaintiff's [sic] Proposed Conclusions of Law #1 and #41 to #45." (Plaintiffs' Post Trial Motion, at 7 ¶ 28). The six referenced paragraphs do reargue the proposition that signing the oil and gas lease agreement was a *per se* violation of the deed restriction. None of them, however, even mention, let alone assert, specific trial court error.

Counsel's unsupported interpretation of the requirements for issue preservation ignores a long line of caselaw and rules which direct that timely, specific, contemporaneous objection is required to allow the jurist an opportunity to correct an error, or to preserve the issue for appeal.

Pa.R.C.P. 227.1(b) provides, in pertinent part, as follows:

(b) Except as otherwise provided by Pa.R.E. 103(a),[4] post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

***Note:* If no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief.**

Pa.R.E. 103(a) provides that the specific ground for an overruled objection, or the substance of excluded evidence, need not be stated at or prior to trial, or without having made an offer of proof, if the ground of the objection, or the substance of the evidence sought to be introduced, was apparent from the context.

_____

[4] Pennsylvania Rule of Evidence 103(a) provides:

**(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence **only**:

(1) if the ruling admits evidence, a party, on the record:

(A) makes a **timely objection**, motion to strike, or motion *in limine*; and

(B) **states the specific ground**, unless it was apparent from the context; or

(2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context[.]

Pa.R.E. 103(a) (emphases added).

(2) are specified in the motion.  The motion shall state how the grounds were asserted in pre-trial proceedings **or at trial**.  **Grounds not specified are deemed waived** unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b) (emphases added).

Counsel offers no supporting authority whatsoever, other than the bare quotation of the rule itself (omitting the pertinent note), for his interpretation of the rule's requirements.  (**See** Appellants' Brief, at 34-37; Appellant's [sic] Reply Brief, at 1).

Our Supreme Court has explained:

> We turn first to the threshold issue of waiver.  Our analysis begins with the Pennsylvania Rules of Civil Procedure.  **Rule 227.1, which governs post-trial relief, provides in relevant part that a ground may not serve as the basis for post-trial relief, including a judgment n.o.v., unless it was raised in pre-trial proceedings or at trial.**  The Rule further notes that error that could have been corrected by timely objection in the trial court may not constitute a ground for such a judgment.  Pa.R.C.P. 227.1(b)(1).
>
> In this regard, Rule 227.1(b)(1) incorporates this court's landmark decision in ***Dilliplaine v. Lehigh Valley Trust Co.***, 457 Pa. 255, 322 A.2d 114 (1974), which abrogated the doctrine of basic and fundamental error and requires litigants to make **timely objections at trial** in order to preserve issues for post-trial relief and appellate review on the merits. ***See*** Explanatory Comment 1983 to Pa.R.C.P. 227.1; ***Criswell v. King***, 575 Pa. 34, 834 A.2d 505, 509-10 (2003).  By our decision in ***Dilliplaine***, we sought to advance judicial economy and the efficient use of judicial resources at trial and on appeal by insuring that the trial court was given the opportunity to correct alleged errors. ***Dilliplaine***, 322 A.2d at 116-17.

***Straub***, ***supra*** at 566 (footnotes and one citation omitted) (emphasis added).  Similarly,

- 8 -

> We disagree with [appellant] that its objection, which it concedes was offered for the first time in a post-trial motion, was timely under the circumstances. Under prevailing Pennsylvania law, a timely objection is required to preserve an issue for appeal. Pa.R.C.P. No. 227.1(b)(1) & n.; Pa.R.A.P. 302; **Straub v. Cherne Indus.**, 583 Pa. 608, 880 A.2d 561, 567 (2005); **Dilliplaine v. Lehigh Valley Trust Co.**, 457 Pa. 255, 322 A.2d 114, 116–17 (1974).

**Samuel-Bassett v. Kia Motors Am., Inc.**, 34 A.3d 1, 45 (Pa. 2011), *cert. denied*, 133 S. Ct. 51 (2012).

This Court has added:

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction . . . one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

> **Thompson v. Thompson**, 963 A.2d 474, 475–476 (Pa. Super. 2008) (quoting **Hong v. Pelagatti**, 765 A.2d 1117, 1123 (Pa. Super. 2000)).

**In re S.C.B.**, 990 A.2d 762, 767 (Pa. Super. 2010).

Here, by counsel's own representation, only one timely, specific, contemporaneous objection was made at trial. (**See** Plaintiffs' Motions for Post-Trial Relief, at 4-6).[5]

This is not a situation where the trial court has arbitrarily insisted on the invocation of "magic words," as counsel supposes. (Appellants' Brief, at 36). This is a fundamental failure to comply with **all** of the provisions of Pa.R.C.P. 227.1, as originally held by our Supreme Court in **Dilliplaine**, **supra**, and as subsequently explained in **Straub**, **supra** at 566-67, **Samuel-Bassett**, **supra** at 45, and **In re S.C.B.**, **supra** at 767. All of Appellants' issues are waived.

In light of our decision, we do not address, nor do we take any position on, the trial court's rulings on the merits of the issues that Appellants raised in requesting a new trial.

---

[5] Counsel was granted an exception when the court sustained an objection to his line of questioning about the use of "premises" three years after the 2003 deed, in the lease between Snell and Anadarko. (**See** N.T. Trial, 3/07/14, at 61). In the post-trial motion, counsel cites the same exception as the point of preservation for three separate objections. (**See** Plaintiffs' Motions for Post-Trial Relief, at 4 ¶ 14; 4-5 ¶ 15; 5-6 ¶ 18).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2017