J-A08001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREA PALMER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW CAIRONE AND MICHAEL | : | |
| CAIRONE | : | |
| | : | No. 1581 EDA 2017 |
| Appellants | : | |

Appeal from the Judgment Entered July 17, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160101326

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 25, 2018**

Appellants, Andrew Cairone and Michael Cairone, appeal from the

judgment entered on July 17, 2017, in the Philadelphia County Court of

Common Pleas, after a jury returned a verdict in favor of Appellee, Andrea

Palmer, in this motor vehicle negligence case. We affirm.

The relevant facts and procedural history of this appeal are as follows.

On the morning of December 13, 2014, Andrew Cairone[1] was driving down

_____

* Retired Senior Judge assigned to the Superior Court.

[1] In her complaint, Appellee alleged Andrew Cairone was operating a vehicle owned by Michael Cairone at the time of the accident, as a servant or employee acting in the scope of his agency. The complaint raised a count of negligent entrustment against Michael Cairone. Andrew Cairone's answer to the complaint denied these allegations and asserted that Michael Cairone was deceased. Andrew Cairone also filed a suggestion of death as to Michael Cairone, which stated he had died on July 27, 2014. Appellee did not pursue

Broad Street in Philadelphia at a speed of 35-40 mph and approached the intersection of Broad Street and Chew Avenue. Appellant became distracted by nearby police activity and entered the intersection without stopping at the red light. At the same time, Appellee was driving along Chew Avenue through the intersection. The front of Appellant's vehicle collided with the front driver's side of Appellee's vehicle at full speed, forcing Appellee's car into the opposite lane. Appellant exited his car and approached Appellee, who asked Appellant how he did not see the light. Appellant responded by apologizing repeatedly and admitting he had been distracted.

An ambulance took Appellee from the scene of the accident to Einstein Medical Center. Appellee experienced a severe headache on the way to the hospital. Once there, Appellee underwent CAT scans and MRIs and received pain medication, after which she was discharged. Appellee continued to experience pain in her head, shoulder, and back. For the next three months, Appellee's father transported her children between home and school or daycare and helped her with daily household chores. Appellee stopped working in December 2014 due to her physical symptoms and she began physical

_____

her claims against Michael Cairone any further, and the verdict and judgment were entered against Andrew Cairone only. Nevertheless, the notice of appeal was filed on behalf of both Andrew Cairone and Michael Cairone. Michael Cairone is not an aggrieved party, so this matter is concluded as to him. **See** Pa.R.A.P. 501 ("Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom."); **Interest of K.C.**, 156 A.3d 1179 (Pa. Super. 2017) (explaining party is aggrieved when party has been adversely affected by decision from which appeal is taken). "Appellant" henceforth refers specifically to Andrew Cairone.

- 2 -

therapy around one month later. Appellee eventually started a new job as a nurse's aide in 2015, but she was unable to work extended shifts as in her previous position.

Appellee also was involved in two other motor vehicle accidents—one before and one after the December 13, 2014 accident. In an accident on November 18, 2013, Appellee broke her pelvis and suffered lower back pain. She completed several months of physical therapy, which improved her condition and allowed her to resume her normal fifty-three hour workweek at the time. Then on December 21, 2015, Appellee was driving when her vehicle was hit head-on by an approaching car. Appellee lost consciousness and fractured her right ankle and one of her vertebrae. Appellee was placed on bedrest and was unable to work for three months.

On January 12, 2016, Appellee filed a complaint in negligence against Appellant and Michael Cairone for injuries arising out of the December 13, 2014 accident. Following a two-day trial, the jury found Appellant's negligence was a factual cause of Appellee's harm and Appellee had sustained a serious impairment of a body function. The jury awarded Appellee $65,000.00 in damages. Appellant filed a motion for post-trial relief,[2] requesting a new trial, or in the alternative, remittitur. The trial court later denied the post-trial

_____

[2] The motion was also filed on behalf of Michael Cairone, but the verdict was entered against Andrew Cairone only.

- 3 -

motion. Appellant filed a timely notice of appeal on May 11, 2017.[3]

Appellant raises the following issues on appeal:

I.      Did the [t]rial [c]ourt abuse its discretion by not granting [Appellant's] request for a continuance to accommodate [Appellant's] [e]xpert, Ira C. Sachs, DO, C.I.M.E.[,] who was not available until after March 7, 2017?

II.     Did the [t]rial [c]ourt abuse its discretion by overruling [Appellant's] objection and permitting the testimony of Appellee's father at trial when he was not listed as a "trial witness" in any documents exchanged between the parties?

III.     Did the [t]rial [c]ourt abuse its discretion by allowing Appellee's [c]ounsel to mention the "missing" defense expert when Appellee's counsel was specifically instructed not to so as not to mislead the jury?

Appellant's Brief, at 6.

Our standard of review of a trial court's denial of a motion for a new trial is as follows:

[I]t is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial.

\*   \*   \*

Thus, when analyzing a decision by a trial court to grant or deny a new trial, the proper standard of review, ultimately, is whether the trial court abused its discretion.

_____

[3] This Court directed Appellant to praecipe for entry of final judgment in the trial court, after which the premature notice of appeal would be treated as filed after the entry of judgment pursuant to Pa.R.A.P. 905(a)(5). **See Harvery v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 524 n.1 (Pa. Super. 2006) (explaining appeal properly lies from judgment entered following trial court's disposition of post-trial motions). Appellant complied with this Court's directive.

Moreover, our review must be tailored to a well-settled, two-part analysis:

We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*ACE Am. Ins. Co. v. Underwriters at Lloyds and Companies*, 939 A.2d 935, 939 (Pa. Super. 2007) (internal citations omitted).

In his first issue, Appellant argues that at a pretrial conference on November 20, 2016, the judge *pro tem* recommended that this matter be remanded to arbitration. Appellant avers the parties were subsequently informed, at a January 5, 2017 conference before a different judge, that the case would be placed in the February 2017 trial pool. Appellant claims he immediately sought to depose his expert witness, Dr. Ira C. Sachs, but he was unavailable until after March 7, 2017. Appellant asserts he requested a one-month continuance on January 26, 2017, based on the unavailability of Dr. Sachs, which the trial court denied. Appellant concludes the trial court's denial of a continuance constituted an abuse of discretion warranting a new trial. We find this issue waived.

Appellant averred in his motion for post-trial relief that he requested a continuance on January 26, 2017, by way of a letter to the trial court, and that the court informed Appellant's counsel via phone call that the request was

- 5 -

denied. In its Rule 1925(a) opinion, the trial court[4] recited a somewhat different version of events: "[Appellant's counsel] informally faxed a Request for Continuance to Judge Cohen on January 26, 2017, which was denied by His Honor in handwriting saying 'no motion for extraordinary relief filed.' Yet, [Appellant's counsel] did not subsequently file a formal motion for extraordinary relief." Trial Court Opinion, filed 9/29/17, at 9.

The trial court docket confirms that Appellant failed to file with the court a motion seeking a continuance at any stage of the litigation. And Appellant's brief on appeal lacks any citations to the part of the certified record containing the informal letter request for a continuance or the court's denial of the request, and our own review of the record confirms the absence of the letter. This Court is "limited to considering only the materials in the certified record when resolving an issue." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). **See also** Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears.")

Without the relevant papers, we cannot discern the basis for Appellant's pretrial request for a continuance or the trial court's grounds for denying it.

---

[4] The judge who presided over trial and drafted the Rule 1925(a) opinion was not the same judge who received Appellant's request for a continuance.

Also, there is no indication that Appellant subsequently filed a written motion seeking a continuance or orally moved for a continuance at trial. Appellant first raised the issue on the record in his motion for post-trial relief. **See Straub v. Cherne Indus.**, 880 A.2d 561, 566 (Pa. 2005) ("Rule 227.1, which governs post-trial relief, provides in relevant part that a ground may not serve as the basis for post-trial relief … unless it was raised in pre-trial proceedings or at trial. The Rule further notes that error that could have been corrected by timely objection in the trial court may not constitute a ground for such a judgment.)" Therefore, we find Appellant's first issue waived.

In his second issue, Appellant argues Appellee called her father, Charles Palmer, as a witness at trial despite her failure to identify Mr. Palmer as a witness in her pretrial memorandum or during discovery. Appellant contends Appellee's surprise introduction of this witness was a deliberate and tactical move intended to prejudice Appellant's ability to present a defense. Appellant concludes the trial court abused its discretion when it permitted Mr. Palmer to testify over Appellant's objection. We disagree.

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus our standard of review is very narrow…. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

**McManamon v. Washko**, 906 A.2d 1259, 1268-1269 (Pa. Super. 2006) (citations omitted; ellipses in original).

"[T]he purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits." ***McGovern v. Hosp. Serv. Ass'n of Ne. Pennsylvania***, 785 A.2d 1012, 1015 (Pa. Super. 2001) (citation omitted). In determining whether a witness should be precluded from testifying based on a party's failure to comply with discovery rules, a court must consider the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,
>
> (2) the ability of that party to cure the prejudice,
>
> (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of cases in the court,
>
> (4) bad faith o[r] willfulness in failing to comply with the court's order.
>
> In the absence of bad faith or willful disobedience of the rules, the most significant considerations are the importance of the witness' testimony and the prejudice, if any, to the party against whom the witness will testify. Further, we note that [t]o preclude the testimony of a witness is a drastic sanction, and it should be done only where the facts of the case make it necessary.

***Smith v. Grab***, 705 A.2d 894, 902 (Pa. Super. 1997) (citations and quotation marks omitted).

At the start of trial, Appellant's counsel raised an objection to Charles Palmer testifying and the following exchange occurred:

> [APPELLANT'S COUNSEL]: Your Honor, the defense was notified on Thursday that [Appellee's] father may be testifying today as a damages witness. However, at no time prior to that was [Appellee's] father identified as a witness or his information even

given to us. It would be our position that his testimony should not be accepted for trial.

THE COURT: It wasn't in the discovery requests? It wasn't in the pretrial memorandum or the settlement conference memorandum?

[APPELLANT'S COUNSEL]: No, Your Honor.

THE COURT: All right. So how do you explain that? Because as you know, the pretrial memorandum says that if they're not identified, they could be excluded, and he has not had no opportunity to do a deposition or any discovery on this witness.

[APPELLEE'S COUNSEL]: Yes, Your Honor. Thank you. I would note in [Appellee's] pretrial memorandum, there is in the witness list, "all persons identified by [Appellee] as witnesses in written discovery and/or deposition." At the time that [Appellee] was deposed, she mentioned on three different occasions throughout her testimony about her father assisting her following the accident because she was not able to carry on with her regular activities around the house as a result of her injuries from this accident. So we would argue that defense was on notice. Additionally, when [Appellant's counsel] --

THE COURT: Why didn't you just put him on the list? Why didn't you just write his name on the list?

[APPELLEE'S COUNSEL]: Your Honor, I understand. Unfortunately, I can't turn back time. I did reach out to [Appellant's counsel] on Friday in light of his objection and made Mr. Palmer available for him to have a deposition on Friday itself.

THE COURT: I'm going to let him, but I need for you to tell him during -- right now exactly the extent of his testimony.

[APPELLEE'S COUNSEL]: Yes, Your Honor.

THE COURT: Did you have a chance to ask?

[APPELLANT'S COUNSEL]: No.

THE COURT: All weekend you would have had a chance to ask her or since Friday what he's going to testify to. All right. Well, there is some notice. How long will this guy's testimony be?

[APPELLEE'S COUNSEL]: I anticipate it to be brief, Your Honor. It's just talking about the days and weeks following the accident where he was assisting [Appellee] in the household.

THE COURT: Well, at this point, if you wouldn't mind speaking to counsel I want to know precisely what he's going to be saying. Okay? He should know precisely what he's going to be testifying to.

[APPELLANT'S COUNSEL]: Thank you, Your Honor.

THE COURT: I think that's a reasonable compromise.

N.T., Trial, 2/6/17, at 6-10.

After the trial court directed Appellee's counsel to inform Appellant's counsel of the precise content of Mr. Palmer's testimony, as a "reasonable compromise," Appellant's counsel thanked the court and did not renew his objection to Mr. Palmer testifying. Therefore, Appellant arguably has waived this issue.

Even if Appellant preserved the issue, he fails to establish that the trial court abused its discretion in refusing to prohibit Mr. Palmer's testimony, which is a drastic sanction. **See Gilbert v. Otterson**, 550 A.2d 550, 555 (Pa. Super. 1988) ("To preclude the relevant testimony of a witness is a drastic step which should not be taken except for weighty reasons.") Despite the absence of Mr. Palmer's name in pretrial documents, the court found that Appellant had some notice that Mr. Palmer would be a witness. Appellant's counsel became aware on the Thursday before trial that Mr. Palmer would be

- 10 -

testifying, and Appellee's counsel made him available for a deposition. The trial court did not find that Appellee's omission of Mr. Palmer from the pretrial memorandum was an act of bad faith.

Additionally, Appellant's two-page argument in his brief lacks any substantive discussion of the factors enunciated in *Smith*, including how he was prejudiced by the trial court's ruling. Appellant cites no authority outside of Pa.R.C.P. 4007.4(1), which concerns a party's duty to supplement discovery. Based on the foregoing, we decline to disturb the trial court's exercise of discretion in permitting Mr. Palmer to testify.

In his third issue, Appellant argues the trial court erred when it allowed Appellee's counsel to refer to Appellant's "missing" expert witness during closing arguments. Appellant asserts counsel falsely suggested to the jury that Appellant had an expert examine Appellee, but declined to call the expert as a witness because his opinion was unfavorable to Appellant's defense.

Prior to closing arguments, the court denied Appellee's request for an adverse inference instruction to the jury regarding the failure of Appellant to produce Dr. Sachs as an expert witness. Appellant's counsel then made the following clarification:

> [APPELLANT'S COUNSEL]: I'd just like to say I mean I think it's clear to the jury that the defense did not present a doctor. I think they know that. So I certainly don't have an issue with [Appellee's counsel] mentioning that there was no medical evidence presented.
>
> THE COURT: And that's what she wants to say.

[APPELLANT'S COUNSEL]: But my issue is to suggest that there's medical evidence and there's a reason for it outside of us not being able to present it is clearly misleading, because that leads the jury to believe there's something there that I don't want them to see, and that's not the case.

THE COURT: Well, I think she understands that and that's what she agreed to. She wasn't going to do an adverse inference. She was just going to say there was no evidence, medical evidence presented -- that's all -- to counteract or counterbalance her. She's not allowed to do an adverse inference. Okay. But she is allowed to bring it up. That's what we discussed.

N.T., Trial, 2/7/17, at 8-9.

Subsequently, during her rebuttal to Appellant's counsel's closing argument, Appellee's counsel stated: "You heard from Dr. Dworkin. But you also heard Ms. Palmer testify that she was examined by a doctor for the defense, and you have heard no testimony regarding that examination or have seen no evidence." *Id*., at 42. Appellant raised no objection during or immediately after closing arguments that this remark violated the court's adverse inference ruling. ***Craley v. Jet Equip. & Tools, Inc.***, 778 A.2d 701, 706-707 (Pa. Super. 2001) (finding challenge to counsel's comment during closing argument waived for failure to object during argument). Appellant challenged this portion of counsel's rebuttal for the first time in his post-trial motion. Consequently, we find this issue waived. ***See Straub***.

Appellant further contends that even if none of the trial court's alleged errors individually constituted an abuse of discretion, they cumulatively prejudiced Appellant's ability to defend this action, warranting a new trial. In light of our conclusion that at least two of Appellant's three issues are waived, we reject Appellant's assertion that the trial court's alleged errors cumulatively amounted to an abuse of discretion.[5]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/18

---

[5] In the conclusion section of his brief, Appellant alternatively requests relief in the form of remittitur. Appellant, however, presents no argument and cites no law with respect to remittitur elsewhere in his brief. Therefore, we conclude the issue of remittitur is also waived.