J-S61039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEPHEN MICHAEL ESPENLAUB, JR., | : | |
| | : | |
| Appellant | : | No. 304 WDA 2016 |

Appeal from the Judgment of Sentence January 14, 2016
in the Court of Common Pleas of Blair County,
Criminal Division, No(s): CP-07-CR-0002429-2014

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED OCTOBER 07, 2016**

Stephen Michael Espenlaub, Jr., ("Espenlaub") appeals from the judgment of sentence imposed following his convictions for robbery, burglary, criminal trespass, theft by deception, impersonating a police officer, and criminal conspiracy.[1]  We affirm.

The trial court summarized the facts as follows:

[I]n December of 2012, [Espenlaub] and another individual wearing police SWAT gear and masks, and possessing walkie-talkies, handcuffs, and guns, pretended to be drug agents and executed a "search warrant" on the home of Damien Morris ["Morris"] and Valerie Eggerstorfer[,] in the City of Altoona. They seized five pounds of marijuana and several thousand dollars in cash.  They detained [Morris,] but told him that they were not arresting him.  They referred to a "pay to play" program, and told [Morris] it was "his lucky day."  [Morris] believed this to be true until on or about January 11, 2013, when [] Justin Hardin knocked on his door and gave him a letter to the effect that he had to pay $20,000 and twenty pounds of drugs for his family to be safe and in order for him not to go to jail.

---

[1]18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1), 3503(a)(1)(ii), 3922(a)(1), 4912, 903.

[Morris] then contacted his attorney and the real police. He agreed to have his conversation with the letter-writer recorded[,] and made an arrangement for the unknown individual to come over to his house in a white unmarked car. After that arrangement was made, [Espenlaub] appeared at the house in a white unmarked [car] and was arrested. A search warrant was executed at [Espenlaub's] house and on two vehicles. One was the vehicle [Espenlaub] drove to the house, and one was operated by [] Angel Vasquez, who was coming to the house to meet [Espenlaub.] In that vehicle … police found a high point 9 mm handgun and a black knit hat with the word SWAT written on it, as well as a 9 mm magazine containing eight 9 mm rounds. Money, drugs, guns, and police gear were found at the house.

Trial Court Opinion, 4/4/16, at 2-3 (internal citation omitted).

Following a jury trial, Espenlaub was convicted of the above-mentioned crimes.[2] The trial court sentenced Espenlaub to an aggregate sentence of 9 to 18 years in prison. The trial court required that the sentence would be served consecutive to the sentence imposed for the firearms offenses, resulting in a total prison term of 16½ to 38 years.

Espenlaub filed a Motion for Modification of Sentence, which the trial court denied. Espenlaub subsequently filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Espenlaub raises the following questions for our review:

---

[2] Espenlaub was also charged with multiple counts of person not to possess a firearm. 18 Pa.C.S.A. § 6105. The case was severed, and the firearms charges were tried separately. Espenlaub was convicted of 10 counts of person not to possess firearms, and the trial court sentenced him to 7½ to 20 years in prison for those convictions. This Court affirmed this judgment of sentence. *See Commonwealth v. Espenlaub*, 1212 WDA 2015 (Pa. Super. filed Aug. 23, 2016) (unpublished memorandum).

I. Whether photographs depicting numerous firearms[,] which were neither used in the robbery, nor similar in appearance to the weapons used[,] [should] have been admitted [as evidence at trial]?

II. Whether the imposition of consecutive sentences totaling a minimum of 16½ years was excessive?

Brief for Appellant at 10.

In his first claim, Espenlaub argues that the trial court erred in admitting as evidence at trial a slide show containing photographs of various firearms that were found during a search of his residence. *Id.* at 14. Espenlaub claims that the photographs are irrelevant because the Commonwealth did not establish that the firearms in the photographs were those actually used, or similar in appearance to those used, in the commission of the robbery. *Id.* at 14-16, 17. Further, Espenlaub argues that, even if the photographs are relevant, they are unfairly prejudicial because they portray him as a dangerous criminal. *Id.* at 16-17.[3]

Our standard of review concerning the admissibility of evidence is well settled:

With regard to the admission of evidence, we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is manifestly

---

[3] In his appeal of his firearms convictions, this Court concluded that there was sufficient evidence to sustain Espenlaub's conviction of person not to possess a firearm, based on a theory of constructive possession. *See Espenlaub*, 1212 WDA 2015, at 5-8 (unpublished memorandum).

unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of the record.

***Commonwealth v. Talbert***, 129 A.3d 536, 539 (Pa. Super. 2015) (citation omitted).

"Relevance is the threshold for admissibility of evidence." ***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa. Super. 2015); ***see also*** Pa.R.E. 402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Pa.R.E. 401; ***see also Tyson***, 119 A.3d at 358 (stating that "[e]vidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.").

"The [trial] court may exclude relevant evidence if its probative value is outweighed by a danger of ... unfair prejudice...." Pa.R.E. 403.

> However, [e]vidence will not be prohibited merely because it is harmful to the defendant. [E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based on something other than the legal propositions relevant to the case.... This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand[.]

***Commonwealth v. Kouma***, 53 A.3d 760, 770 (Pa. Super. 2012) (citation omitted); ***see also*** Pa.R.E. 403, cmt. (defining "unfair prejudice" as "a tendency to suggest a decision on an improper basis or to divert the jury's

attention away from its duty of weighing the evidence impartially."). In considering the admissibility of a photograph, the trial court must determine whether the photograph is "inflammatory by its nature." ***Commonwealth v. Baez***, 720 A.2d 711, 726 (Pa. 1998). The trial court must then determine whether the "essential evidentiary value of the photograph outweighs the likelihood that the photograph will improperly inflame the minds and passions of the jury." ***Id.***

"Although as a general rule, the Commonwealth may not admit evidence of a weapon that cannot be linked to the crime charged, an exception exists where the accused had a weapon or instrument suitable to the commission of the crime charged." ***Commonwealth v. Williams***, 58 A.3d 769, 801 (Pa. Super. 2012) (citation and quotation marks omitted).

> A weapon shown to have been in a defendant's possession may properly be admitted into evidence, even though it cannot positively be identified as the weapon used in the commission of a particular crime, if it tends to prove that the defendant had a weapon similar to the one used in the perpetration of the crime.

***Commonwealth v. Owens***, 929 A.2d 1187, 1191 (Pa. Super. 2007) (citation omitted). Further, "[u]ncertainty whether the weapons evidence was actually used in the crime goes to the weight of such evidence, not its admissibility." ***Id.***

Here, Morris testified that two men wearing masks and dressed like police officers arrived at his house, knocked on the door, and identified themselves as drug agents. N.T., 10/28/15, at 72. Morris testified that the

men kicked in the door, threatened him with guns, threw him on the ground, and placed him in handcuffs. *Id.* Further, Morris testified that the men showed him a "warrant" and seized five pounds of marijuana and $2,000 from his home. *Id.* at 73-74. The photographs depicting firearms were introduced through the testimony of Sergeant Troy Johannides, as he described the evidence found in Espenlaub's home. *See id.* at 66, 68-69.

After considering the testimony provided at trial, the trial court concluded that the photographs are relevant and probative of the crime as described by Morris, as they depicted guns that are commonly used by police officers. Trial Court Opinion, 4/4/16, at 6.[4] Additionally, the trial court concluded that "the photographs were not used in an inflammatory fashion in front of the jury." *Id.*

Upon review, we conclude that the trial court did not abuse its discretion by admitting the photographs depicting several guns found in Espenlaub's house. The photographs tend to prove that Espenlaub had weapons that are commonly used by law enforcement. *See Williams*, 58 A.3d at 801 (upholding the admission of a photograph showing the appellant in control of a firearm similar to the one used in the crimes charged). Therefore, the photographs are relevant to prove that Espenlaub owned weapons similar to those used in the perpetration of a robbery committed

---

[4] The trial court considered each photograph in the slide show outside of the presence of the jury. Photographs of guns that would not be used by law enforcement were excluded from the slide show before trial. *See* N.T., 10/28/15, at 15, 20.

while impersonating a police officer. **See id.** Additionally, there is no evidence to suggest that "the potential prejudicial effect of the [] evidence would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Owens**, 929 A.2d at 1191 (citation and quotation marks omitted). Thus, we conclude that Espenlaub's first claim lacks merit.

In his second claim, Espenlaub asserts that the imposition of consecutive sentences is unduly harsh. Brief for Appellant at 17. Espenlaub claims that the trial court placed too much weight on the seriousness of the crime and his prior record score, and failed to consider mitigating factors. **Id.** at 17, 19.

Espenlaub failed to raise this claim in his court-ordered Rule 1925(b) statement. Therefore, Espenlaub's sentencing claim is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "[a]ny issues not raised in a 1925(b)

statement will be deemed waived.").[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016

---

[5] We note that the trial court indicated that it reviewed Espenlaub's pre-sentence investigation report ("PSI") in imposing the sentence. **See** N.T., 1/14/16, at 8, 13; **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (stating that where the trial court had the benefit of a PSI, this Court will presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed."). Moreover, the trial court noted that Espenlaub has "the worst possible prior record score," and has committed "some of the worst and most dangerous crimes found in the Crimes Code." N.T., 1/14/16, at 16-17.